**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen S Edwards,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Christopher A Coury, Maricopa County Superior Court, United States Department of Justice, and Unknown Parties,<br><br>　　　　　Defendants. | No. CV-25-01964-PHX-JAT<br><br>**ORDER** |

On June 18, 2025, Plaintiff filed a first amended complaint against the four Defendants listed above. Since then, Plaintiff has filed three motions.

This court may sua sponte dismiss a complaint when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Applied to this case, even though Plaintiff paid the filing fee, the Court retains the ability to sua sponte dismiss a claim under Federal Rule of Civil Procedure 12(b)(6). *See Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1357 at 593 (1969)). Such a dismissal may be made without prior notice where the claimant cannot possibly win relief. *See Wong*, 642 F.2d at 362. *See also Franklin v. Murphy*, 745 F.2d 1221, 1227 n. 6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer subject matter jurisdiction").

As another Judge in this district recently recounted about Plaintiff:

> This is Edwards's twenty-fourth lawsuit in this court. After some of his suits were dismissed, Edwards attempted to sue the judges who had ruled against

him. *See* No. CV 17-4661. In 2019, a district judge declared Edwards a vexatious litigant and prohibited him from filing any additional suits against particular defendants. *Edwards v. PHH Mortg. Corp.*, No. CV-18-04040-PHX-SPL, 2019 WL 1950304, at *5 (D. Ariz. Apr. 30, 2019), *aff'd*, 808 F. App'x 517 (9th Cir. 2020). Also in 2019, the Maricopa County Superior Court declared Edwards a vexatious litigant and prohibited him from filing any new suit "without leave of the Civil Presiding Judge or his/her designee." (Doc. 1 at 23.).

*Edwards v. Maricopa County Superior Court*, CV 25-2296-PHX-KML n.1 (D. Ariz. July 7, 2025) (a copy of the superior court order is attached to Doc. 8 in this case).

In this twenty-fifth lawsuit, Plaintiff sues the Maricopa County Superior Court (although he later acknowledged it is not a proper Defendant), Maricopa County Superior Court Judge Christopher Coury, the United States Department of Justice, and certain fictitious parties. The Court will dismiss this case for failure to state a claim without leave to amend.

The Maricopa County Superior Court will be dismissed because it is not a jural entity that can sue and be sued. *Id.* citing *Edwards v. Lakewood Cmty. Ass'n*, No. CV-18-01934-PHX-JJT, 2018 WL 4953263, at *1 (D. Ariz. Oct. 12, 2018). This defect cannot be cured by amendment.

The federal courts do not permit the use of fictitious defendants as mere placeholders. *Ivan v. Wells Fargo Bank, N.A.*, CV 12-1065-PHX-JAT, 2012 WL 3095050, at *2 (D. Ariz. July 30, 2012) (citing Fed. R. Civ. P. 10(a)); *see also Craig v. U.S.*, 413 F.2d 854, 856 (9th Cir. 1969); *see also Indian Hills Holdings, LLC v. Frye, No.* 3:20-cv-00461-BEN-AHG, 2021 WL 1139419, at *9 (S.D. Cal. Mar. 25, 2021) (noting that "[u]nlike California code pleading," the Federal Rules of Civil Procedure "neither authorize nor prohibit the use of fictitious parties; however, FRCP 10 does require a plaintiff to include the names of all parties in his complaint."). This failure to comply with Rule 10 can only be cured by dismissal of these non-named parties.

The United States Department of Justice cannot be sued without a waiver of sovereign immunity, which Plaintiff has not alleged. *Balser v. Dep't of Just.*, *Off. of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003). Further, Plaintiff does not allege the Department

1  of Justice has taken any action with respect to him.  Instead, he names the United States
2  Department of Justice but claims only that United States Department of Justice resources
3  may be required to investigate Plaintiff's allegations.  Such a request for action by the
4  United States Department of Justice does not state a claim against the United States
5  Department of Justice.  Further, Plaintiff cannot cure by amendment because this Court
6  cannot control the United States Department of Justice's resources nor direct its
7  investigations.[1]

8  Finally, as stated in the amended complaint (Doc. 8), Defendant Coury is a
9  Maricopa County Superior Court Judge.  Plaintiff sues Defendant Coury for actions he
10 allegedly took in his capacity as a Judge. "Judges and those performing judge-like
11 functions are absolutely immune from damage liability for acts performed in their official
12 capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). An act by a judge is
13 a "judicial" act when "it is a function normally performed by a judge," and when the parties
14 at issue have "dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S.
15 349, 362 (1978).  Notably, judicial immunity applies even to alleged acts of conspiracy or
16 bribery. *Ashelman*, 793 F.2d at 1078.

17 Here, all actions alleged to have been taken by Judge Coury with respect to Plaintiff
18 were in his capacity as a Judge.  (*See* Doc. 8).  Therefore, Defendant Coury is absolutely
19 immune from liability in this lawsuit and this result cannot be cured by amendment.

20 Accordingly,

21 **IT IS ORDERED** that this case is dismissed with prejudice and the Clerk of the
22 Court shall enter judgment accordingly.

23 / / /
24 / / /
25 / / /
26 / / /

---

[1] *See* https://www.uscourts.gov/about-federal-courts/educational-resources/educational-activities/first-amendment-activities/us-v-alvarez/separation-powers-action-us-v-alvarez (explaining separation of powers) (last visited July 28, 2025).

- 3 -

1     **IT IS FURTHER ORDERED** that all pending motions are denied as moot.

2     Dated this 29th day of July, 2025.

_____
James A. Teilborg
Senior United States District Judge