**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen S Edwards, | No. CV-25-01964-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Christopher A Coury, Maricopa County Superior Court, United States Department of Justice, and Unknown Parties, | |
| Defendants. | |

On July 29, 2025, this Court dismissed this case. (Docs 18–19). Thereafter, Plaintiff moved to recuse the undersigned and filed a motion to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b).

**Recusal**

The motion to recuse is largely Plaintiff engaging in name calling against the undersigned and various other judges. (Doc. 20). Thus, the majority of the motion presents neither a basis in fact nor law to seek recusal. Construed liberally, at best the motion articulates disagreement with the Court's legal rulings which is not a basis to seek recusal based on bias. *See In re Marshall*, 721 F.3d 1032, 1041 (9th Cir. 2013); *Liteky v. United States*, 510 U.S. 540, 555 (1994). Accordingly, the motion is denied.

**Rule 60(b)**

The motion to vacate cites Federal Rule of Civil Procedure 60(b) in the caption but makes no argument under Rule 60(b). (Doc. 21). The motion to vacate continues the

1 theme of the motion to recuse by lodging various complaints about various other judges
2 unrelated to this case. It then discusses which of Plaintiff's relatives are wealthy. It then
3 discusses Plaintiff's UFO encounter. It further continues with allegations against the
4 undersigned that are difficult to follow, but seemingly have to do with the relationship of
5 this case to other cases.

6 None of the foregoing is a basis for relief from judgment under Federal Rule of Civil
7 Procedure 60(b). Accordingly, the motion is denied for this reason.

**Striking and Sealing**

> "It is well established that '[d]istrict courts have inherent power to control their docket.'" *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.,* 146 F.3d 1071, 1074 (9th Cir.1998) (alteration in original) (quoting *Hernandez v. City of El Monte,* 138 F.3d 393, 398 (9th Cir.1998)). This includes the power to strike items from the docket as a sanction for litigation conduct. *See, e.g., Lazy Y Ranch Ltd. v. Behrens,* 546 F.3d 580, 586–87, 588 (9th Cir.2008) (discussing, but declining to rule on, the ability of a district court to strike documents submitted as exhibits to a motion); *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.,* 397 F.3d 1217, 1224–26 (9th Cir.2005) (upholding a district court's grant of a motion to strike deposition corrections and a declaration as a sanction when a party had violated Fed.R.Civ.P. 30(e)); *cf. Carrigan v. Cal. State Legislature,* 263 F.2d 560, 564 (9th Cir.1959) (discussing an appellate court's inherent power to strike briefs and pleadings "as either scandalous, impertinent, scurrilous, and/or without relevancy"). Even though the District Court retained only limited jurisdiction over a portion of the suit, that did not deprive it of the ability to exercise its inherent powers "necessary to the exercise of all others," including the "power to impose silence, respect, and decorum." *Chambers,* 501 U.S. at 43.

*Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).

In this case, Plaintiff's motion to recuse contains graphic language that is unrelated to the issues in the complaint. Moreover, both pending motions are being used as vehicles to vent a private spite against various judges. In other words, Plaintiff is filing personal attacks, not legal documents. And most egregiously, Plaintiff gratuitously attached to both motions a document he obtained through unknown means that purports to be the private information of another judge, including her home address. This document serves no purpose in this case other than to harass that judge. Thus, Plaintiff is using the Court's filing system for an improper purpose.

As indicated above, the Court reviewed and ruled on these motions. However, for

all of the reasons stated herein, Docs. 20 and 21 will be sealed and stricken under this Court's inherent authority as a sanction for Plaintiff using the Court's filing system for an improper purpose. Plaintiff is cautioned that going forward, any improper filing will be sealed and stricken without this Court considering the merits.  Additionally, if further improper filings are submitted by Plaintiff, Plaintiff will be barred from filing.

**Conclusion**

For the reasons stated above,

**IT IS ORDERED** that the motion to recuse (Doc. 20) is denied.

**IT IS FURTHER ORDERED** that the motion to vacate (Doc. 21) is denied.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall strike and seal Docs 20 and 21.

Dated this 27th day of August, 2025.

James A. Teilborg
Senior United States District Judge