**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen S Edwards,<br><br>    Plaintiff,<br><br>v.<br><br>Christopher A Coury, Maricopa County Superior Court, United States Department of Justice, and Unknown Parties,<br><br>    Defendants. | No. CV-25-01964-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion at Doc. 23, which is best described as a motion to reconsider this Court's August 27, 2025 Order. The August 27, 2025 Order struck and sealed two of Plaintiff's filing. In the motion at Doc. 23, Plaintiff seeks to have those filings unsealed.

As stated in the August 27, 2025 Order, the Court sealed the filings because:

> "It is well established that '[d]istrict courts have inherent power to control their docket.'" *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.,* 146 F.3d 1071, 1074 (9th Cir.1998) (alteration in original) (quoting *Hernandez v. City of El Monte,* 138 F.3d 393, 398 (9th Cir.1998)). This includes the power to strike items from the docket as a sanction for litigation conduct. *See, e.g., Lazy Y Ranch Ltd. v. Behrens,* 546 F.3d 580, 586–87, 588 (9th Cir.2008) (discussing, but declining to rule on, the ability of a district court to strike documents submitted as exhibits to a motion); *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.,* 397 F.3d 1217, 1224–26 (9th Cir.2005) (upholding a district court's grant of a motion to strike deposition corrections and a declaration as a sanction when a party had violated Fed.R.Civ.P. 30(e)); *cf. Carrigan v. Cal. State Legislature,* 263 F.2d 560, 564 (9th Cir.1959) (discussing an appellate court's inherent power to strike briefs

> and pleadings "as either scandalous, impertinent, scurrilous, and/or without relevancy"). Even though the District Court retained only limited jurisdiction over a portion of the suit, that did not deprive it of the ability to exercise its inherent powers "necessary to the exercise of all others," including the "power to impose silence, respect, and decorum." *Chambers,* 501 U.S. at 43.

*Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).

> In this case, Plaintiff's motion to recuse contains graphic language that is unrelated to the issues in the complaint. Moreover, both pending motions are being used as vehicles to vent a private spite against various judges. In other words, Plaintiff is filing personal attacks, not legal documents. And most egregiously, Plaintiff gratuitously attached to both motions a document he obtained through unknown means that purports to be the private information of another judge, including her home address. This document serves no purpose in this case other than to harass that judge. Thus, Plaintiff is using the Court's filing system for an improper purpose.
>
> As indicated above, the Court reviewed and ruled on these motions. However, for all of the reasons stated herein, Docs. 20 and 21 will be sealed and stricken under this Court's inherent authority as a sanction for Plaintiff using the Court's filing system for an improper purpose. Plaintiff is cautioned that going forward, any improper filing will be sealed and stricken without this Court considering the merits. Additionally, if further improper filings are submitted by Plaintiff, Plaintiff will be barred from filing.

(Doc. 22).

Nothing in Plaintiff's motion for reconsideration addresses the Court's reasoning nor changes the Court's decision.

Therefore,

**IT IS ORDERED** that the motion to unseal (Doc. 23) is denied.

Dated this 1st day of October, 2025.

James A. Teilborg
Senior United States District Judge